MOSTAFA ELGAMAL, *individually and on behalf of all others similarly situated*,

        *Plaintiff*,

v.

SPIRIT AIRLINES, INC.,

        *Defendant*.

Case No.: 0:23-cv-61806-WPD

**AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, Mostafa Elgamal ("Plaintiff"), individually and on behalf of all others similarly situated, files this Amended Class Action Complaint against Defendant Spirit Airlines ("Defendant" or "Spirit"), and in support states the following:

## NATURE OF THE SUIT

1. This is a class action lawsuit by Plaintiff on behalf of himself and all others similarly situated who accepted Defendant's refund Vouchers ("Vouchers") as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, that were manufactured, marketed, labeled, and distributed, by Defendant.

2. The above-described group of persons who accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, Defendant's Voucher are to be referred to as the Putative Class hereinafter.

3. Plaintiff brings this action because of Defendant's fraud, false marketing, false advertising, breach of contract, and breach of warranty.

4.     Defendant Spirit is a self-proclaimed budget airline, as documented in its corporate wordmark and website branding.[1]

5.     Through its own marketing, Spirit is seeking out consumers who might be in vulnerable positions financially given its budget friendly marketing.

6.     Defendant has yet to offer refunds, or cash substitutions, for their inoperable Vouchers.

7.     In short, Plaintiff and the Putative Class have obtained a Voucher for a minimum of a minimum of fifty dollars, rather than obtaining a cash refund for cancelled flights, and are now stuck with a Voucher they cannot use because Spirit has provided inoperable passes.

8.     In Plaintiff's case, he scheduled a flight, the flight was cancelled, and Plaintiff received a voucher in return for his troubles, rather than a cash refund. Had Plaintiff known that he would receive a worthless voucher, he would not have selected such worthless voucher as a refund.

9.     Defendant has created a system in which its customers are prompted to select a refund voucher, rather than an actual cash refund, in light of cancelled flights, and the customers then receive a worthless voucher. Thus, Defendant has created a system in which it has seemingly escaped financial liability for cancelled flights.

10.    Given Plaintiff and the Putative Class's now worthless, inoperable, and nonrefundable Vouchers, declaratory and injunctive measures are appropriate.

**JURISDICTION AND VENUE**

11.    This Court possesses subject-matter jurisdiction to adjudicate the claims set forth herein under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d),

---

[1] https://www.spirit.com/ (last visited September 6, 2023).

because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the Class who are diverse from Defendant, and (4) there are more than 100 Class Members.

12.     This Court has personal jurisdiction over Defendant Spirit Airlines, Inc., because they have their principal place of business located in this judicial district or are registered to do business within this district.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this district, transact business in this district, are subject to personal jurisdiction in this district, and therefore are deemed to be a citizen of this district.

14.     Given that Defendant Spirit's headquarters are located within this district, the design, approval, and distribution process of the Vouchers occurred or originated within this district. Additionally, Defendant has advertised in this district and has received substantial revenue and profits from its sale and/or distributions of Vouchers in this district. Therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

<u>**PARTIES**</u>

15.     Plaintiff Mostafa Elgamal is a resident of San Francisco, CA. San Francisco is located within San Francisco County, CA.

16.     Plaintiff is a frequent flyer, and often uses low budget airlines. Given such frequent use, Plaintiff selected the refund voucher option, rather than a cash refund.

17.     Defendant Spirit Airlines, Inc. is a Florida based airline, with its principal place of business at 2800 Executive Way, Miramar, Florida, 33025.

18.     Defendant has offered low budget flights since 1983, with its most current iteration coming to existence in 1992.[2]

## FACTUAL ALLEGATIONS

19.     Plaintiff is a frequent flyer, residing in California and often traveling for work and personal reasons.

20.     Plaintiff frequently uses Spirit Airlines.

21.     In early 2023, Plaintiff scheduled a Spirit flight as usual. But, unfortunately, the flight was cancelled.

22.     As a result of this cancellation, Defendant offered Plaintiff a refund in the form of a voucher. Plaintiff accepted and received a voucher for his troubles rather than cash or direct financial reimbursement.

23.     Plaintiff accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, an airline Voucher from Defendant in or around January of 2023.

24.     This voucher was to be redeemable and valid through March 30, 2023. Unfortunately, this Voucher was inoperable and defective. Plaintiff, rather than suing or reaching out to law enforcement, for what amounts to theft, Plaintiff reached out directly to Spirit and sought to get the issue sorted out with Defendant.

25.     Rather than offering a viable refund or credit to the next flight, as was always the promise, Defendant insisted that the Refund was inapplicable and did not allow for such refund to prosper.

26.     Given Spirit's nationwide offering of these refund Vouchers, and thus likely nationwide refusal of viable refunds, Plaintiff seeks redress for Defendant's actions.

---

[2] https://simpleflying.com/spirit-airlines-history/

27.     As a result of this, Plaintiff is bringing suit against Defendant.



28.     Unfortunately, Plaintiff could never use this Voucher. When Plaintiff attempted to use this Voucher, Plaintiff was met with error messages, as seen below:





skip 8:21 AM

Thank you for that information. We appreciate your patience while we transfer you to the next available Spirit agent.
8:21 AM

You've been placed in line to chat with a representative. Your expected wait is unknown.
8:21 AM

You've been placed in line to chat with a representative. Your expected wait is 25 minutes.
8:21 AM

Hi, Mr./Ms.! Thank you for reaching out to Spirit Chat Support. My name is Marco. We're sorry to have kept you waiting. We are currently having large volumes of chats. We'd like to thank you as well for doing business with us. I understand that you were unable to redeem the voucher. Nothing to worry about, Let me go ahead and provide all the available options for your request. May I know your full name please to address you adequately?
10:34 AM

Mostafa Elgamal, this is my second attempt to reach somebody, finally you responded, let me send you few snippets that will explain the issue
10:35 AM

So my flight was canceled on Sunday and rebooked on Monday (arrived already)
10:35 AM

Recieved a voucher of $50. trying to use on a flight DTW to OAK on feb 11
10:35 AM

But got an error voucher is not valid
10:36 AM

here's the info
10:36 AM

Hello Mostafa,

We sincerely apologize for what happened on your recent trip. We care about your satisfaction and want to make this right. Please accept our apologies along with this voucher for future travel to any of our destinations.

**PLEASE NOTE: Your voucher credit is redeemable for trips booked by the expiration date on any flight available in the system.**

To redeem your voucher, visit Spirit.com and select your desired flight(s). Once you arrive at the Purchase Page, look for the "Redeem A Voucher or Credit" drop-down, and follow the remaining instructions. For more info on how to use your voucher, click here.

We hope that you'll give us another chance, and we look forward to seeing you on a future Spirit flight!

| Voucher Number | Issued To | Voucher Amount | Expiration Date |
| --- | --- | --- | --- |
| | MOSTAFA | | |

10:36 AM

FREE SPIRIT
2X Silver
0 SQP
2,100 SQP to Qualifying Points (SQP) to reach Silver Status.

MY POINTS          SC SAVINGS YTD
1,927              $0.00

LIMITED TIME ONLINE OFFER

29.     But this lack of use/invalidity of the Voucher is unfixable, as there is no resolvable glitch on Plaintiff's end.

30.     Plaintiff has exhausted all options other than bringing a lawsuit against Spirit.

31.     Plaintiff contacted Defendant regarding the failure of the Voucher, but was met with resistance, as seen below:



32.     Plaintiff's damages would not accrue or mature until March 30, 2023, the date of the voucher's expiration.

33.     This is because all attempts to redeem or apply Plaintiff's voucher up to March 30, 2023 were futile or met with restrictions.

34.     Defendant has a history of fraudulent behavior of dealing with consumers, as they overcharge passengers for bag fees.[3]

35.     As a result of the Voucher's failure, Plaintiff has been deprived of his benefit of the bargain.

36.     Additionally, Defendant's contentions that their Vouchers are valid towards "…any flight available in the system.", is fraudulent.

37.     Defendant represented that its voucher would be available to use on **any flight available in their system** while knowingly withholding information relating to restrictions on voucher applicability.

38.     If Plaintiff had known that Defendant's Vouchers would not work as represented, Plaintiff would have opted for cash rather than a Voucher.

39.     Moreover, and on par with Defendant's shoddy reputation, Plaintiff, on one occasion, attempted to use his voucher on a flight available in the system but when the voucher was applied, the base fare of his flight was changed in such a way as to cancel out the benefit of Plaintiff's voucher entirely.

40.     As a result of Defendant's fraudulent marketing, advertising, and statements, Plaintiff has been defrauded and deprived of his benefit of his bargain.

41.     Had Plaintiff known of the true nature of this Voucher, in that it was a nonrefundable and inoperable Voucher, Plaintiff would not have accepted, as a viable refund rather than a

---

[3] https://www.valuepenguin.com/news/spirit-airlines-baggage-lawsuit#:~:text=Spirit%20Airlines%20to%20Pay%20%248.25%20Million%20in%20Class%20Action%20Lawsuit%20Surrounding%20Baggage%20Fees,-Some%20travelers%20who&text=Discount%20carriers%20like%20Allegiant%20Air,exchange%20for%20low%20ticket%20prices.

monetary refund due to Defendant's prior acts/omissions,, or elected to receive the Voucher over a cash refund.

42.     As a result of his de facto purchase of the Voucher, Plaintiff has been defrauded of his purchase price and/or adequate refund amount, been deprived of his benefit of the bargain, and has been greatly inconvenienced.

43.     Further, Plaintiff has lost the opportunity to travel with some other airlines given that he his budget and/or resources for flights has been reduced and limited.

## CLASS ALLEGATIONS

44.     Plaintiff brings this action on behalf of himself and as a representative of all other similarly situated Class Members pursuant to Rule 23(a) and Rule 23 (b)(3) of the Federal Rules of Civil Procedure. Plaintiffs seek class certification on behalf of the class defined as follows ("the Nationwide Class").

**Nationwide Class:** All persons in the United States who received a Voucher from Defendant from 2020 to the Present.

45.     Alternatively, Plaintiff brings this action on behalf of himself and all other similarly situated consumers pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following class (California Sub-Class):

**California Subclass:** All persons in California who received a Voucher from Defendant from 2020 to the Present.

46.     Excluded from the Classes are any Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

47.     Together, the above-mentioned Nationwide Class and California Subclass shall be collectively referred to as the "Classes" or "Class". Proposed Members of said Classes will be referred to as "Class Members", or otherwise referenced as "members of the Class".

48.     **Numerosity:** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class/Subclass contains thousands of Voucher recipients who have been damaged by Defendant's conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff at this time.

49.     **Typicality:** Plaintiff's claims are typical to those of all Class Members because members of the Class are similarly injured through Defendant's uniform misconduct described above and were subject to Defendant's deceptive claims.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class and Subclass.

50.     **Commonality:** Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class Members. The claims of Plaintiff and all prospective Class Members involve the same alleged defect. These common legal and factual questions include the following:

     a.   Whether Defendant's Vouchers are defective and/or inoperable;

     b.   Whether Defendant owed a duty of care to Plaintiff and the Classes;

     c.   Whether Defendant knew or should have known that the Vouchers were defective and/or inoperable;

     d.   Whether Defendant wrongfully represent, and continue to represent, that their Vouchers are operable, thus granting reduced rates;

e.  Whether Defendant's omissions are true, or are misleading, or objectively reasonably likely to deceive;

f.  Whether the alleged conduct constitutes violations of the laws asserted;

g.  Whether Defendant's alleged conduct violates public policy;

h.  Whether Defendant's representations in advertising, warranties, packaging, and labeling are false, deceptive, and misleading;

i.  Whether those representations are likely to deceive a reasonable consumer;

j.  Whether a reasonable consumer would consider the risk of the Vouchers not working;

k.  Whether Defendant was unjustly enriched as a result of its marketing, advertising, and sale and/or distribution of the Vouchers;

l.  Whether Defendant breached their express warranties;

m.  Whether Defendant breached their implied warranties;

n.  Whether certification of any or all of the Classes proposed herein is appropriate under Fed. R. Civ. P. 23;

o.  Whether Plaintiff and the Class Members are entitled to damages and/or restitution and the proper measure of that loss; and

p.  Whether an injunction is necessary to prevent Defendant from continuing to market and distribute the Vouchers.

51.  **Adequacy:** Plaintiff and his counsel will fairly and adequately protect and represent the interests of each member of the Class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases similar to that here and has the resources and abilities to fully litigate and protect the interests of

the Class. Plaintiff intends to prosecute this claim vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class, nor is Plaintiff subject to any unique defenses.

52.     **Superiority:** A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by Plaintiff and the individual Class Members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain meaningful and effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

53.     The Class also may be certified because Defendant has acted or refused to act on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

54.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendant from engaging in the acts described above, such as continuing to market and sell Vouchers that may be defective. Further, Plaintiff seeks for Defendant to provide a full refund of the purchase price and/or adequate refund amount of the Vouchers to Plaintiff and the Class Members.

55.     Unless a Class is certified, Defendant will retain monies received because of their conduct that was taken from Plaintiff and the Class Members. Unless a Class-wide injunction is

issued, Defendant may continue to commit the violations alleged and the members of the Class and the general public will continue to be misled and placed in harms' way.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Negligence
### (On Behalf of Plaintiff and the Classes)

56.    Plaintiff incorporates Paragraphs 1-55 by reference as if fully set forth herein.

57.    Defendant has a duty to provide operable Vouchers to consumers.

58.    Defendant breached this duty by designing, producing, marketing, and selling inoperable Vouchers.

59.    Defendant's breach of this duty to provide operable Vouchers caused damages to Plaintiff.

60.    Plaintiff was damaged in that he lost his benefit of the bargain, has suffered economic loss through the lack of refund, has suffered inconveniences due to the constant denial of reduced flights, refunds, and has suffered emotional distress in his attempts to simply get his money back.

61.    Defendant's actions caused these damages both factually and proximately.

62.    But for Defendant's design, production, marketing, and sale and/or distribution of inoperable Vouchers, Plaintiff and the Classes would not have been damaged.

63.    In addition, it is foreseeable that producing an inoperable or invalid Voucher would cause damages as Plaintiff and the Class Members accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, the Vouchers to fly and the inoperable Vouchers would not grant Plaintiff and the Class Members their bargained for reductions.

64.     Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of his benefit of the bargain and loss of an adequate and tangible refund amount and has missed travel opportunities that he will never get back due to lost time and expenses.

65.     Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's negligent failure to deliver the bargained for Vouchers.

## SECOND CAUSE OF ACTION
### Negligent Misrepresentation
### (On Behalf of Plaintiff and the Classes)

66.     Plaintiff incorporates Paragraphs 1-55 by reference as if fully set forth herein.

67.     Through their advertising and the course of their regular business, Defendant made representations to Plaintiff and the Class concerning the function, operability, and validity of the Vouchers.

68.     Defendant did not practice reasonable care in the above-mentioned design, creation, production, sale and/or distribution, and marketing of the Vouchers.

69.     Defendant made these statements as to guide consumers, such as Plaintiff and the Class, in the transactional process.

70.     Defendant knew that such statements would be relied upon, the fact that Defendant's Vouchers were operable and offered reductions, by Plaintiff and the Class, given that the statements were the entire reasoning for the acceptance of the Vouchers.

71.     Plaintiff and the Class would not have accepted the Vouchers without such statements and assertations put forth by Defendant.

72.     Defendant intended that Plaintiff and the Class to rely on the representations made by Defendant regarding the Vouchers.

73.     Plaintiff reasonably relied upon such representations and omissions to their detriment as he suffered damages.

74.     By reason thereof, Plaintiff and Class Members have suffered damages in an amount to be proven at trial.

75.     Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of his benefit of the bargain and loss of purchase price and/or adequate refund amount or adequate refund and has missed travel opportunities that he will never get back due to lost time and expenses.

76.     Plaintiff and the Class seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's negligent misrepresentation of the Vouchers.

### THIRD CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of Plaintiff and the Classes)

77.     Plaintiff incorporates Paragraphs 1-55 by reference as if fully set forth herein.

78.     Plaintiff and the Classes bestowed benefits upon Defendant in the form of monies that were paid in exchange for Defendant's Vouchers.

79.     These benefits bestowed by Plaintiff were not a donation to Defendant as these monies were given and in return, Vouchers were given.

80.     As a result of Defendant's wrongful and deceptive conduct alleged herein, Defendant knowingly and voluntarily accepted and retained wrongful benefits in the form of money paid by the Plaintiff and members of the Class when they accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, the Vouchers.

81.     In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

82.     Plaintiff and the Classes paid for Vouchers that were properly functioning, Vouchers whose sole function was providing reduced rates. Instead, they received something entirely different and relatively unusable.

83.     As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Classes.

84.     Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

85.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, and is still receiving, without justification, from the false and deceptive manufacturing, labeling, and marketing of the Vouchers to Plaintiff and members of the Classes.

86.     Defendant's retention of such funds, under circumstances making it inequitable to do so, constitutes unjust enrichment.

87.     The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Classes.

88.     Given the above, the circumstances make Defendant's retention of funds inequitable, without reimbursement for the funds to Plaintiff and the Classes.

89.     Defendant should be compelled to disgorge in a common fund for the benefit of Plaintiff and members of the Classes all wrongful or inequitable proceeds received by them, plus interest thereon.

90.     Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## FOURTH CAUSE OF ACTION
### Breach of Express Warranty

**(On Behalf of Plaintiff and the Classes)**

91.     Plaintiff incorporates Paragraphs 1-55 by reference as if fully set forth herein.

92.     As detailed above, Defendant, through its advertising and marketing, expressly warranted that the Vouchers were for the purposes intended, that they were of merchantable quality, and that they actually provided reduced rates.

93.     Moreover, the description for the Vouchers represents the use that these Vouchers serve to provide reduced rates. Such statements constitute an affirmative promise that these Vouchers will indeed provide reduced rates/discounts.

94.     Defendant breached this express warranty by providing Vouchers that were inoperable and could not provide such promised reduced rates for Defendant's goods and services. The Vouchers, through whatever means, are inoperable.

95.     Plaintiff and the other Class Members read and relied on these express warranties provided by Defendant in the description of the product and subsequent advertisements.

96.     Defendant breached their express warranties because the Vouchers at issue are defective and unfit for their intended use.

97.     Defendant's breach of warranty proximately caused damages as it is foreseeable that such defective Vouchers, incapable of delivering on their warranties, would deprive Plaintiff of his benefit of the bargain and monies paid for such Vouchers.

98.     Defendant was given notice of this breach through Plaintiff's numerous phone calls and notifications of such failures and inoperability of such Vouchers.

99.     Plaintiff and the other Class Members have suffered harm on account of Defendant's breach of its express warranty regarding the fitness for use of the Vouchers and are entitled to damages to be determined at trial.

100.     Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief thereunder for Defendant's failure to deliver Vouchers conforming to their express warranties and resulting breach.

**FIFTH CAUSE OF ACTION**
**Breach of Implied Warranty of Fitness for a Particular Purpose**
**(On Behalf of Plaintiff and the Classes)**

101.     Plaintiff incorporates Paragraphs 1-55 by reference as though fully set forth herein.

102.     Defendant's Vouchers were to be used as Vouchers to provide reduced rates and/or discounts in the airline setting specifically for Plaintiff to receive reduced rates for Defendant's services and/or products. Thus, Defendant's Vouchers were of a particular purpose.

103.     Defendant knew of this particular purpose as Defendant produced, marketed, sold, and advertised the Vouchers as providing reduced rates.

104.     Defendant knew that Plaintiff relied on this promise of particularity as Defendant was aware of the assertations put forth regarding specificity and Plaintiff's required reliance on such a product.

105.     Plaintiff relied on Defendant's skill and capability to provide such a specific product.

106.     Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of his benefit of the bargain and loss of purchase price and/or adequate refund amount and has missed travel opportunities that he will never get back due to lost time and expenses.

107.     Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

**SIXTH CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability**

**(On Behalf of Plaintiff and the Classes)**

108.    Plaintiff incorporates Paragraphs 1-55 by reference as though fully set forth herein.

109.    Defendant sold the Vouchers to Plaintiff and other consumers, including Class Members.

110.    Plaintiff is a person who is reasonably expected to use such Vouchers, given that the Vouchers were sold to the public and Plaintiff is a consumer.

111.    Defendant is a commercial airline in the business of selling flights, along with the Vouchers, to consumers.

112.    Defendant presented the Vouchers as operable Vouchers that granted access to reduced rates and/or discounts for Plaintiff and other consumers.

113.    The Vouchers were not merchantable at the time of sale and/or distribution given that they did not provide reduced rates.

114.    This lack of merchantability is a breach of warranty.

115.    This breach both factually and proximately caused damages to Plaintiff through his loss of funds, deprivation of his benefit of the bargain, has missed trips and other travel opportunities, emotional duress, and inconvenience faced throughout the process of remedying the issue related to the Vouchers.

116.    Plaintiff notified Defendant of this breach and lack of merchantability through his consistent calls, messages, and other communications to Defendant regarding its failure to provide operable Vouchers.

117.    Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief available thereunder for Defendant's failure to deliver goods conforming to their implied warranties and resulting in breach.

## SEVENTH CAUSE OF ACTION
### Breach of Contract
### (On Behalf of Plaintiff and the Class)

118.    Plaintiff incorporates Paragraphs 1-55 as if fully set forth herein.

119.    Through their marketing, advertisements, and promises, Defendant created a contract with Plaintiff.

120.    In specific, Plaintiff was to receive a Voucher for his flight cancellation.

121.    Plaintiff performed his obligation under the contract through his paid purchase price and/or adequate refund amount of the Vouchers.

122.    Defendant failed to perform their obligation under the contract in that Defendant failed to provide reduced rates and/or discounts as included in the Vouchers.

123.    Plaintiff and the Classes have been damaged as a direct and proximate result of Defendant's breach.

124.    Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## EIGHTH CAUSE OF ACTION
### Strict Product Liability for Misrepresentation
### (On Behalf of Plaintiff and the Class)

125.    Plaintiff incorporates Paragraphs 1-55 as if fully set forth herein.

126.    Defendant was engaged in the business of selling flights and airline tickets, and the accompanying Vouchers.

127.    Defendant misrepresented the material fact that its Vouchers provided reduced rates and/or discounts to those who accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, such Vouchers.

128.     This fact is material because it is the entire nature of the Vouchers themselves and Plaintiff would not have accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, the Voucher had he known of the true nature of the Vouchers.

129.     Defendant's misrepresentations were made to the public at large and potential consumers through Defendant's advertising and marketing, as well as interactions with customers such as Plaintiff.

130.     Plaintiff was and is a person who reasonably expected to use the Vouchers as marketed by Defendant. This reasonability is based upon the fact that Plaintiff is a consuming member of the public who accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, the Voucher relying on Defendant's marketing.

131.     It is reasonably foreseeably that Plaintiff would be harmed by Defendant's misrepresentation.

132.     Plaintiff suffered damages due to Defendant's misrepresentation.

133.     Due to Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of his benefit of the bargain and loss of purchase price and/or adequate refund amount and has missed travel opportunities that he will never get back due to lost time and expenses.

134.     Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## NINTH CAUSE OF ACTION
### Fraud
### (On Behalf of Plaintiff and the Classes)

135.     Plaintiff incorporates Paragraphs 1-55 as if fully set forth herein.

136.     Defendant made a fraudulent misrepresentation of material fact in that Defendant marketed, sold, and promised Plaintiff a Voucher that would provide reduced rates.

137.     This fact of the Voucher providing reduced rates and/or discounts is material as that was the entire purpose of the Voucher and without such a promise, Plaintiff would not have accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, the Vouchers.

138.     Had Plaintiff known of the true inoperable and defective nature of the Vouchers, Plaintiff would not have accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, a Voucher.

139.     Plaintiff relied on Defendant's misrepresentation in his acceptance of the Voucher.

140.     Plaintiff was justified in relying on this misrepresentation as the true nature of the Voucher was not known to Plaintiff and Defendant promised a Voucher that would provide reduced rates.

141.     Plaintiff has suffered damages as a direct and proximate result of this justification as Plaintiff has lost out on his benefit of the bargain, lost funds stemming from his purchase price and/or adequate refund amount, has missed trips and other travel opportunities, has suffered emotional duress, and has been greatly inconvenienced by Defendant's inoperable Vouchers.

142.     Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

## **TENTH CAUSE OF ACTION**
**Fraudulent Misrepresentation**
**(On Behalf of Plaintiff and the Class)**

143.     Plaintiff incorporates Paragraphs 1-55 by reference as if fully set forth herein.

144.     Defendant made a fraudulent misrepresentation of material fact in that Defendant stated that the Vouchers would provide reduced rates or other discounts relating to the price of flights.

145.     These Vouchers did not provide reduced rates and/or discounts and this assertion of reduced rates and/or discounts was the entire basis for Plaintiff's acceptance.

146.     Plaintiff relied on the above misrepresentation as the promise of reduced rates and/or discounts was the entire reason for his acceptance of the Voucher.

147.     Plaintiff was justified in relying upon the above misrepresentation that Defendant's Vouchers would provide reduced rates.

148.     Plaintiff's reliance resulted in damages as Plaintiff would not have accepted, as a viable refund rather than a monetary refund due to Defendant's prior acts/omissions, thus losing the money related to such purchase, the Voucher.

149.     As a direct and proximate cause of Defendant's conduct, Plaintiff was damaged by Defendant in that Plaintiff has been deprived of his benefit of the bargain and loss of purchase price and/or adequate refund amount and has missed travel opportunities that he will never get back due to lost time and expenses.

150.     Plaintiff and the Classes seek actual damages, attorneys' fees, costs and any other just and proper relief available under the laws.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgement against Defendant as to each and every count, including:

A. An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Class/Subclass, and requiring Defendant to bear the costs of class notice;

B. An order enjoining Defendant from selling or distributing the Vouchers;

C. An order enjoining Defendant from suggesting or implying that the Vouchers are effective for their intended purpose of reduced rates;

D. An order requiring Defendant to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief;

E. An order awarding declaratory relief and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendant from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendant's past conduct;

F. An order requiring Defendant to pay restitution/damages to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, plus pre- and post-judgment interest thereon;

G. An order requiring Defendant to disgorge any ill-gotten benefits received from Plaintiff and members of the Class/Subclass as a result of any wrongful or unlawful act or practice;

H. An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

I. For punitive damages, as warranted, in an amount to be determined at trial;

J.   An order awarding attorneys' fees and costs to Plaintiff and the Class/Subclass; and

K.   An order providing for all other such equitable relief as may be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.


Dated: December 4th, 2023


        Respectfully Submitted,

        */s/ Blake G. Abbott*
        Paul J. Doolittle (*Pro Hac Vice*)
        Blake G. Abbott (*Pro Hac Vice*)
        **POULIN | WILLEY |**
        **ANASTOPOULO, LLC**
        32 Ann Street
        Charleston, SC 29403
        Tel: (803) 222-2222
        Email: paul.doolittle@poulinwilley.com
              blake.abbott@poulinwilley.com

        -and-

        Bryan F. Aylstock
        FL Bar # 0078263
        **AYLSTOCK, WITKIN,**
        **KREIS, & OVERHOLTZ, PLLC**
        17 E. Main Street, Suite 200
        Pensacola, FL 32502
        Phone: (850) 202-1010
              baylstock@awkolaw.com